
# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jesse R. Lance, | ) CA No.: 2:09-cv-02649-SB-BM |
| Plaintiff, | ) REPORT AND RECOMMENDATION |
| v. | ) FOR |
| | ) PARTIAL SUMMARY DISMISSAL |
| Carolina First Bank; Nan D. Leviner, Vice President; City of Georgetown, S.C.; Johnell Sparkman, Investigator; Robert H. O'Donnell, Judge; Deputy Solicitor Robert B. Bryan; and John and Cindy Richards, | ) |
| Defendants. | ) |

Jesse R. Lance (Plaintiff) files this civil action *pro se* and pursuant to 28 U.S.C. § 1915.[1] In his complaint, Plaintiff alleges claims of malicious prosecution, racism, harassment, defamation, mental stress, and loss of income, and he seeks damages in the amount of one million dollars. Plaintiff names Carolina First Bank, Nan D. Leviner, the City of Georgetown, Johnell Sparkman, Robert H. O'Donnell (Judge O'Donnell), Robert B. Bryan (Deputy Solicitor Bryan), and John and Cindy Richards as defendants. However, Plaintiff fails to allege any claims against the City of Georgetown. Additionally, Judge O'Donnell and Deputy Solicitor Bryan are immune from suit. Therefore, this case should be dismissed as to defendants the City of Georgetown, Judge O'Donnell and Deputy Solicitor Bryan.[2]

---

[1] This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.

[2] Service of process for defendants Carolina First Bank, Nan D. Leviner, Johnell Sparkman, and John and Cindy Richards is authorized and directed by separate order issued simultaneously with this Report and Recommendation.



## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

This Court is required to liberally construe *pro se* documents, *Erikson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

This complaint should be dismissed as to the City of Georgetown, Judge O'Donnell, and Deputy Solicitor Bryan. Plaintiff has failed to allege how the City of Georgetown is responsible for a violation of Plaintiff's constitutional rights. Other than naming the City of Georgetown as a

2

defendant in the caption of the complaint, this defendant is not mentioned anywhere else in the complaint. A careful review of the complaint pursuant to 28 U.S.C. § 1915 reveals no allegations of a constitutional violation by the City of Georgetown. Therefore, this complaint should be dismissed as to the City of Georgetown. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *see also Weller v. Dep't of Soc. Servs.*, 901 F.2d at 397 (4th Cir. 1990) (upholding district court's dismissal of defendants where no allegations were made against them or suggested that defendants "played any part in the alleged violation").

Plaintiff states that he is bringing this action against Judge O'Donnell because he did not conduct Plaintiff's preliminary hearing. (Compl. at 12.) To the extent that Plaintiff is attempting to raise a claim against Judge O'Donnell concerning any of his judicial acts, Judge O'Donnell is entitled to judicial immunity. A judge has absolute judicial immunity with respect to his judicial acts. *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). Because Judge O'Donnell is immune from suit, he should be dismissed as a defendant.

Deputy Solicitor Bryan also is immune from suit. Plaintiff states that he is bringing this action against Deputy Solicitor Bryan because Plaintiff attended roll call for two years even though he was never charged. (Compl. at 12.) However, prosecutors are protected by immunity for activities in or connected with judicial proceedings. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir.

3

2000). In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. This absolute immunity from suit applies when prosecutors exercise their prosecutorial discretion, such as making the determination to go forward with indictment. *See Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997); *Carter v. Burch*, 34 F.3d 257 (4th Cir. 1994); *Pachaly v. City of Lynchburg*, 897 F.2d 723 (4th Cir. 1990); *Weller v. Dep't of Soc. Servs.*, 901 F.2d at 387 (4th Cir. 1990). Additionally, Deputy Solicitor Bryan is entitled to absolute immunity from a § 1983 suit for his participation in Plaintiff's criminal prosecution even in a malicious prosecution action. *See Yaselli v. Goff*, 275 U.S. 503 (1927) (extending absolute immunity to federal prosecutors in malicious prosecution action through summary affirmance), aff'g 12 F.2d 396 (2d Cir. 1926). Because Deputy Solicitor Bryan is immune from suit, he should be dismissed in this case.

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in the above-captioned case as to defendants the City of Georgetown, Judge O'Donnell, and Deputy Solicitor Bryan *without prejudice* and without issuance and service of process for these defendants. Process shall issue for service of the remaining defendants.

_____
Bristow Marchant
United States Magistrate Judge

December 4, 2009
Charleston, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*



4

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

