IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| **Jesse R. Lance**, | ) Civil Action No. 9:09-2649-SB-BM |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| **Carolina First Bank; Nan D. Leviner, Vice President; S.C. Johnell Sparkman; John Richards and Cindy Richards**, | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, asserting claims from malicious prosecution, racial discrimination, and defamation.[1] By Order issued January 4, 2010, the City of Georgetown, Robert O'Donnell and Robert Bryan were dismissed as party Defendant.

Of the remaining Defendants, Carolina First Bank and Nan Leviner filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P. on May 18, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 20, 2010, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that

---

[1] Plaintiff is a frequent filer of litigation in this Court. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). [District Court may take notice of its own files and records].



1

if he failed to respond adequately, the Defendants' motion may be granted. Plaintiff thereafter filed a response in opposition to the motion to dismiss on June 7, 2010. These Defendants' motion is now before the Court for disposition.[2]

### Plaintiff's Allegations

Plaintiff alleges in his complaint that sometime in 2004/2005 the Defendant Cindy Richards told him that she and fellow Defendant John Richards were having tax problems; specifically, that John Richards owed the Internal Revenue Service (IRS) in excess of Seventy Eight Thousand ($78,000.00) Dollars. Plaintiff alleges that he quoted Cindy Richards a fee of ten (10%) percent of the amount of tax liability he kept the Richards from paying, and that he would need a check for Nine Thousand ($9,000.00) Dollars to cover the tax liability that he would save together with his tax preparation fees. Plaintiff alleges he also told the Richards he needed a power of attorney to work with the IRS, and that after he received all that he had requested he started to work on their tax case.

Plaintiff alleges that during the later part of 2005 he "removed" the tax liability John Richards owed the IRS, and contacted John Richards about getting paid. Plaintiff alleges that John Richards refused to work out a payment plan with him, so Plaintiff deposited the Nine Thousand ($9,000.00) Dollar check he had received from the Richards in his account at Carolina First Bank. Plaintiff acknowledges that he did not know if the check was good or not, but alleges that if it came back insufficient funds, his plan was going to take the matter to a County Magistrate. Plaintiff alleges

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. Two Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



he went back to Carolina First the day after he had deposited the check, was advised that the check was good, and that he then withdrew Eight Thousand Five Hundred ($8,500.00) Dollars. However, Plaintiff alleges that a "couple" of days later he received a call from the Defendant Leviner telling him that she was going to the police department because the check he had deposited was no good. Plaintiff alleges that a few days later he received a call from the Defendant Sparkman (a police officer) asking him to come down to the police department. Plaintiff alleges that he then went to the police department and explained what had happened, following which Sparkman arrested him for check fraud and forgery.

Plaintiff alleges that he did not know John Richards' account had been closed, and that the Defendant Carolina First "had to [have] had a Racist set-up against me on this $9,000.00 - dollars check that I deposit, because about 2 - months prior I deposit a $1,000.00 - dollar check and they did not let me get any cash funds, until they knew the check was good." Plaintiff alleges that he has been fighting racism in Georgetown County for "thirty years", and that today "unsuspecting Blacks are used to carry - out the Racism."

Plaintiff alleges that his criminal case remained pending for two years, during which he attended role calls, but that his case was ultimately dismissed. See generally, Plaintiff's Complaint, with attached exhibits.[3]

## Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the

---

[3]Plaintiff has attached as exhibits to his complaint a copy of the check at issue, a power of attorney, and a letter from the prosecutor dated October 18, 2007 (addressed to the Richards) noting that the charges against Plaintiff had been nolle prossed.

3



allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

In order to have set forth a valid claim for malicious prosecution sufficient to state a plausible claim for relief "on its face", Plaintiff must have set forth factual allegations to show the institution or continuation of court proceedings against him at the insistence of these two Defendants, that the Defendants acted without probable cause and with malice, a termination of such proceedings in his favor, and resulting injury or damage. Guider v. Churpeyes, Inc., 635 S.E.2d 562, 565 (S.C. Ct. App. 2006); Jordan v. Deese, 452 S.E.2d 838, 839 (S.C. 1995); cf. Lambert v. Williams, 223 F.3d 257, 260-261 (4th Cir. 2000). These Defendants assert in their motion that Plaintiff has failed to set forth a plausible claim against them in his complaint for malicious prosecution, and the undersigned agrees.

Plaintiff's only allegation concerning these Defendants is that, admittedly after a Nine thousand ($9,000.00) Dollar check he had deposited (and on which he withdrawn almost all of the money represented by that check the following day) was returned for insufficient funds, the



Defendant Leviner told him that she was "going to the Police Department" because the check he had deposited was no good. Plaintiff himself acknowledges that charges were filed against him only *after* "he had gone down to the Police Department and met with the Defendant Sparkman and explained what had happened". Plaintiff alleges that Sparkman then arrested him for check fraud and forgery. Even if one could infer from these allegations that the court proceedings against him were instituted at the insistence of these Defendants without probable cause, with the undersigned does not find, Plaintiff's complaint contains no factual allegations showing any malice.

The only allegation that could support a finding of malice is where Plaintiff makes the conclusory statement that Carolina First "had to [have] had a Racist set-up against me . . . .". However, there are no factual assertions in the complaint whatsoever to support this general and conclusory statement. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, factual allegations must be enough to raise a right to relief above the speculative level]; see generally Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.]; Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]. Indeed, Plaintiff does not even set forth what race he is, or what race anyone else is. Plaintiff's bare boned allegations that Leviner, as an employee of Carolina First Bank, reported to the Police



Department that Plaintiff had deposited a check for Nine Thousand ($9,000.00) Dollars with the bank and then withdrawn almost all of the money the following day does not show that either of these two Defendants were acting with malice. See Eaves v. Broad River Elec. Co-op., Inc., 289 S.E.2d 414, 416 (S.C. 1982)["Malice is defined as 'the deliberate intentional doing of a wrongful act without just cause or excuse.'"] (quoting Margolis v. Telech, 122 S.E.2d 417, 419-420 (S.C. 1961)). These two Defendants are therefore entitled to dismissal with respect to this claim. Bell Atlantic Corp., 550 U.S. at 555 [While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, factual allegations must be enough to raise a right to relief above the speculative level]; Neitzke v. Williams, 490 U.S. 319, 322-330 (1989) [under 28 U.S.C. § 1915[4] a claim is frivolous and may be dismissed where it is presented in a patently insubstantial complaint, petition, or pleading]; Leeds, 85 F.3d at 53.

Plaintiff's claim for defamation against these two Defendants also fails for want of sufficient allegations. First, all of the actions alleged by the Plaintiff occurred in 2005. Plaintiff did not file this lawsuit until 2009. Therefore, Plaintiff's state law defamation claim against these two Defendants is barred by South Carolina's two year statute of limitations for a defamation claim. See S.C. Code Ann.§ 15-3-550; Jones v. City of Folly Beach, 483 S.E.2d 770, 774 (S.C. 1997). In any event, one of the necessary elements for a defamation claim is that a Defendant made a false and defamatory statement concerning the Plaintiff. Parrish v. Allison, 656 S.E.2d 382, 388 (S.C. Ct. Apps. 2007). Plaintiff has alleged no false statement made by Leviner or anyone else at Carolina First Bank. According to the allegations of the complaint, Leviner reported to the Police Department

---

[4]Plaintiff is proceeding in forma pauperis. See Order dated October 29, 2009.



September 27, 2010 that Plaintiff had deposited a check for Nine Thousand ($9,000.00) Dollars which was no good, and had withdrawn almost all of the money represented by that check the following day. Plaintiff himself concedes in his complaint that that is exactly what happened. He has alleged no false statement made by these Defendants, and therefore his defamation claim necessarily fails. See Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"]; Iqbal, 129 S.Ct. at 1950 ["[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' that the pleader is entitled to relief"]; Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001)["The presence [ ] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion"], quoting Young v. City of Mount Ranier, 238 F.3d 567 (4th Cir. 2001)[Internal quotation marks omitted]; Hagebush v. United States, 657 F.Supp. 675, 677 (D.Neb. 1986)["[P]ro se pleadings may not be merely conclusory; the complaint must allege facts which, if true, state a claim as a matter of law"]; Johnson v. Reno Police Chief, 718 F.Supp. 36, 38 (D.Nd. 1989)[Even a pro se plaintiff may not rely wholly on conclusory allegations, but rather must allege facts which, if proven would entitle the plaintiff to relief"]; Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion to dismiss be **granted,** and that these two Defendants be **dismissed** as party Defendants in this case.

7



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 27, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).