IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jesse R. Lance, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 9:09-2649-SB-BM |
| v. | ) | |
| | ) | |
| Carolina First Bank; Nan D. Leviner, | ) | **ORDER** |
| Vice President; S.C. Johnell Sparkman; | ) | |
| John Richards and Cindy Richards, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court upon the pro se Plaintiff's complaint, which alleges

claims for malicious prosecution, racial discrimination, and defamation. On May 18, 2010,

Defendants Nan D. Leviner ("Leviner") and Carolina First Bank ("Carolina First Bank") filed

a motion to dismiss the Plaintiff's complaint against them. The Plaintiff filed a response

to the Defendants' motion, and on September 27, 2010, United States Magistrate Judge

Bristow Marchant issued a report and recommendation ("R&R") in accordance with 28

U.S.C. § 636(b)(1)(B). In the R&R, the Magistrate Judge recommends that the Court grant

the Defendants' motion and dismiss Leviner and Carolina First from this action.[1] The

Plaintiff filed timely objections to the R&R, and the matter is ripe for review. See 28 U.S.C.

§ 636(b)(1) (stating that a party may object, in writing, to an R&R within ten days after

being served with a copy of that report).

## BACKGROUND

The Plaintiff's claims arise out of criminal charges he faced after depositing a bad

---

[1] On January 4, 2010, the Court adopted the Magistrate Judge's previous R&R and dismissed the City of Georgetown, Judge Robert H. O'Donnell, and Deputy Solicitor Robert B. Bryan from this lawsuit.

check. In his complaint, the Plaintiff asserts that Defendants John and Cindy Richards hired him to negotiate a reduction in their $78,000.00 tax liability with the Internal Revenue Service. Before working on their case, the Plaintiff asserts that he acquired a check for $9,000.00 from the Richardses as well as a power of attorney. After allegedly helping the Richardses successfully "remove" the debt, the Plaintiff sought compensation, but when he was unable to get paid, he claims he deposited the $9,000.00 check in his account at Carolina First and withdrew a large amount the next day. The Plaintiff alleges that he did not know if the check was good when he deposited it, and he did not know the Richardses' account was closed at the time of the deposit. The Plaintiff alleges that he received a call from Leviner a few days after depositing the check, and that Leviner told him that the check was bad and that she was going to report the incident to the police. The Plaintiff received a call from Defendant Sparkman a few days later, and he went to the police department and explained what happened, resulting in his arrest for check fraud and forgery.

## STANDARD OF REVIEW

This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id.

## DISCUSSION

In the R&R, the Magistrate Judge recommends granting the Defendants' motion to dismiss. First, with respect to the Plaintiff's malicious prosecution claim, the Magistrate

Judge noted that the only potential allegation of malice is the Plaintiff's statement that

Carolina First must have "had a Racist set-up against me." However, as the Magistrate

Judge determined, this conclusory allegation alone is insufficient to raise the right to relief

above the speculative level. Accordingly, the Magistrate Judge agreed with the Defendants

that the Plaintiff failed to state a claim for malicious prosecution. In addition, the Magistrate

Judge agreed with the Defendants that the Plaintiff failed to state a claim for defamation,

in that the Plaintiff failed to allege that these Defendants made any false statements. The

Magistrate Judge also agreed with the Defendants that the statute of limitations barred the

Plaintiff's defamation claim.

In response, the Plaintiff filed an "objection to all of the Magistrete [sic] Report and

Recommendation," which states as follows:

> Both the Defendants Nan D. Leviner and Johewll [sic] Sparkman lie [sic]
> about the check being forge [sic], and fraudulent, and they had me to go to
> roll calls for 2-years because of the Lies. I loss [sic] about $200000.00-
> dollors [sic] over that 2-yeras [sic] period. My repretation [sic] was tarnish
> [sic], and I lost Clients, and Business. This was Malicious Prosecution,
> Racism, and Defamation. They was [sic] no-reason for the Defendents [sic]
> to do what they did by, falsely accusing me ofd [sic] forgery and fraud. The
> Check wasd [sic] made out plain and simple.
> God Almighty will make sure justice is done one way, or another.

(Entry 44.)

After consideration, the Court finds that the Plaintiff's objections are without merit

as they are overly general and do not direct the Court to any specific error in the R&R.

Moreover, after a careful review of the record, the Court finds that the Magistrate Judge

fairly and accurately summarized the facts and applied the correct principles of law.

Accordingly, the Court adopts the R&R in full and incorporates it into this Order, and the

Court overrules the Plaintiff's objections.

3

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the Magistrate Judge's R&R (Entry 42) is adopted and incorporated

herein; the Plaintiff's objections (Entry 44) are overruled; the Defendants' motion to dismiss

(Entry 31) is granted; and Defendants Nan D. Leviner and Carolina First Bank are hereby

dismissed from this action.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

October **26**, 2010
Charleston, South Carolina