IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Jesse R. Lance, | ) |
|               Plaintiff, | ) |
| v. | ) Civil Action No. 9:09-2649-SB |
| S.C. Johnell Sparkman, John Richards, and Cindy Richards, | ) **ORDER** |
|               Defendants. | ) |

This matter is before the Court upon the Plaintiff's pro se complaint, which alleges claims for malicious prosecution, racial discrimination, and defamation. On December 16, 2010, Defendant Sparkman filed a motion for summary judgment.[1] The Plaintiff filed a response to the Defendants' motion, and on February 8, 2011, United States Magistrate Judge Bristow Marchant issued a report and recommendation ("R&R") in accordance with 28 U.S.C. § 636(b)(1)(B). In the R&R, the Magistrate Judge recommends that the Court grant the Defendant's motion and dismiss Sparkman from this action. The Plaintiff filed timely objections to the R&R, and the matter is ripe for review. See 28 U.S.C. § 636(b)(1) (stating that a party may object, in writing, to an R&R within fourteen days after being served with a copy of that report).

The Plaintiff's claims arise out of criminal charges he faced after depositing a bad check. In his complaint, the Plaintiff asserts that Defendants John and Cindy Richards hired him to negotiate a reduction in their $78,000.00 tax liability with the Internal Revenue

---

[1] The other two remaining Defendants have not filed responsive pleadings in this case.

Service. Before working on their case, the Plaintiff asserts that he acquired a check for $9,000.00 from the Richardses as well as a power of attorney. After allegedly helping the Richardses successfully "remove" the debt, the Plaintiff sought compensation, but when he was unable to get paid, he claims he deposited the $9,000.00 check in his account at Carolina First and withdrew a large amount the next day. The Plaintiff alleges that he did not know if the check was good when he deposited it, and he did not know that the Richardses' account was closed at the time of the deposit. The Plaintiff alleges that he received a call from the bank a few days after depositing the check, and that the bank told him that the check was bad and that he was going to be reported to the police. When the Plaintiff received a call from Defendant Sparkman a few days later, he went to the police department and explained what happened. Ultimately, the Plaintiff was arrested and charged with check fraud and forgery.

In support of his motion for summary judgment, Sparkman submitted an affidavit attesting that his review of the documents and information submitted by Carolina First as well as his interviews of John Richards and the Plaintiff provided him with probable cause to charge the Plaintiff with forgery and check fraud. Sparkman also submitted a copy of the police file in this matter, which includes copies of his affidavit and the arrest warrants, the service document, copies of the investigative reports, a copy of the SLED forensic reports, a copy of the investigation activity report, and a copy of the check in question.

In response to the Defendant's motion, the Plaintiff submitted copies of two account statements and claim approval letters from the Internal Revenue Service, copies of the affidavits and warrants, a copy of his bond document, a copy of a power of attorney, a copy of the check at issue, and a copy of a contract purportedly between the Plaintiff and the

Richardses.

## STANDARD OF REVIEW

This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id.

## DISCUSSION

In the R&R, the Magistrate Judge reviewed the parties' briefs and the evidence in the case and ultimately agreed with Defendant Sparkman (1) that the Plaintiff failed to show that Defendant Sparkman lacked probable cause to arrest him, negating the Plaintiff's malicious prosecution claim, and (2) that the Plaintiff failed to support his other claims of race discrimination and/or defamation with any factual allegations. With respect to the Plaintiff's race discrimination and/or defamation claims, the Magistrate Judge noted that although the Plaintiff alleges racial discrimination, he never alleged what race he is, nor what race anyone else is. Additionally, the Magistrate Judge noted that the Plaintiff did not allege any defamatory statement made by this Defendant.

This Court has reviewed the Plaintiff's single paragraph of objections to the R&R and finds them to be wholly without merit. The Plaintiff simply objects to all of the R&R and points to no specific error. Moreover, the Plaintiff makes entirely unfounded accusations that the Magistrate Judge is "bought and paid [ ] for" or "very racist." (Entry 64.) Ultimately, after a review of the record, the Court finds that the R&R accurately recites the facts and the law applicable to this case, and the Court agrees with the Magistrate Judge that

3

Defendant Sparkman is entitled to summary judgment.

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 62) is adopted and incorporated herein; the Plaintiff's objections (Entry 64) are overruled; and Defendant Sparkman's motion for summary judgment (Entry 56) is granted.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

February 22, 2011
Charleston, South Carolina